UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REUBEN CONWAY,<br><br>Defendant. | Case No. 2:13-cr-00124-APG-PAL<br><br>**ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION OF HIS LETTER AS A MOTION, APPOINTING COUNSEL, AND SETTING AN EXPEDITED HEARING**<br><br>(Dkt. #50) |

Defendant Reuben Conway wrote a letter to the court stating that he believes he has served his sentence and should be released from custody. I sentenced him to 30 months to be served concurrent with his state sentence, for which he had already served 16 months. (Dkt. #49.) Conway asserts the Bureau of Prisons is not crediting him for the time he spent in state custody. He therefore requests that I either order the Bureau of Prisons to credit his time served in state prison or reform his sentence.

The United States of America responds that I cannot correct or modify Conway's sentence as a clerical error. (Dkt. #53.) However, the United States agrees that Conway's current sentence does not reflect the parties' intent behind the plea agreement they entered into because the parties made a mutual mistake about Conway's custody status. The United States contends that had all parties understood that Conway had already served his state sentence, they would have requested a sentence lower than 30 months "to allow the defendant to receive the intended benefit of the plea agreement." (*Id.* at 3.) But the United States asserts that the only way to achieve an adjustment is for me to re-characterize Conway's letter as a motion under 28 U.S.C. § 2255. The United States notes that in his plea agreement, Conway generally waived his right to collaterally attack his sentence, but the United States consents to my considering Conway's request under § 2255 in light of the parties' mutual mistake.

Pursuant to 18 U.S.C. § 3582(c)(1)(B), I may not modify a term of imprisonment once I have imposed it except "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35(a) allows a court to correct a sentence within 14 days after sentencing. More than 14 days have passed since I sentenced Conway, so Rule 35 does not apply. (*See* Dkt. #49.)

Federal Rule of Criminal Procedure 36 allows a court to correct a clerical error at any time. However, there is no clerical error in the sentence. Instead, the parties agreed to a sentence that, by reason of their misunderstanding about Conway's custody status, does not reflect the bargain the parties intended.

Consequently, the only avenue for correcting any error in the sentence in this case is for Conway to file a motion for post-conviction relief under 28 U.S.C. § 2255.[1] I liberally construe pro se filings, and in doing so, I may re-characterize Conway's letter as his first motion under § 2255. *United States v. Seesing*, 234 F.3d 456, 462-63 (9th Cir. 2000). But re-characterizing the letter as a § 2255 motion can be disadvantageous to Conway because under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited." *Id.* So before re-characterizing Conway's letter, I must (1) notify him that I intend to re-characterize it, (2) warn him this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" § 2255 motions, and (3) provide him an opportunity to either "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003).

Accordingly, I hereby notify Conway that I intend to re-characterize his letter as a motion under 28 U.S.C. § 2255. I warn Conway that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. In determining whether to withdraw, amend, and/or supplement his motion, I advise Conway that a defendant generally is permitted to file

---

[1] Under § 3582(c)(1)(A), I could modify a sentence on motion by the Director of the Bureau of Prisons, but the Director has not filed a motion in this case.

only one § 2255 motion unless the second motion involves either newly-discovered evidence of a potentially dispositive nature or a new and retroactive rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b).  Thus, Conway generally must include all potential claims in his initial § 2255 motion.  If Conway has more collateral challenges than the one stated in his letter, he may want to withdraw or amend the letter, so that he does not lose any of his claims under the rules governing successive § 2255 motions.  In making this decision, Conway should be mindful of the statute of limitations that applies to § 2255 motions.  A § 2255 motion is subject to a one-year limitations period which runs from the latest of four specified events laid out in § 2255.

Finally, given the fact that Conway may be entitled to be released from prison immediately, it is important that this issue be resolved quickly.  Therefore, I will set an expedited hearing on this matter so Conway can be advised of these issues and consider them.  In addition, given the potential conflict of interest that may exist if the Federal Public Defender is asked to advise Conway about a § 2255 motion, I will appoint new counsel to represent Conway and advise him on these issues.

IT IS THEREFORE ORDERED that Conway is hereby given notice that I intend to re-characterized his letter as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  Accordingly, Conway shall notify the Court, within 30 days of the date of this order, whether he:

(1) withdraws his letter/motion;

(2) consents to the re-characterization of the letter, as filed, as a § 2255 motion; or

(3) consents to the re-characterization of the letter as a § 2255 motion and seeks to amend it to include other § 2255 claims.

If Conway fails to timely respond to this order, I will re-characterize the letter as Conway's first § 2255 motion.

IT IS FURTHER ORDERED that a hearing will be held on **Thursday, August 27, 2015 at 9:15 a.m.** in Las Vegas Courtroom 6C to discuss Conway's letter/motion and the issues discussed above.  Defendant shall be present for that hearing.

IT IS FURTHER ORDERED that Conway is appointed new counsel from the CJA Panel. The CJA Panel coordinator is directed to immediately select counsel to represent Conway, forward to her or him a copy of this Order, and notify her or him of the August 27, 2015 hearing.

DATED this 26th day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE